WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cecilia Torres Munguia,<br><br>            Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>            Defendant. | No. CV-24-02534-PHX-DGC<br><br>**ORDER** |

Plaintiff Cecilia Torres Munguia appeals from the final decision of the Commissioner of Social Administration which denied her claim for disability insurance benefits and supplemental security income. Defendant concedes that the decision is based on reversible error, but the parties dispute whether the Court should remand for further proceedings or an award of benefits. For reasons stated below, the Court will reverse the decision and remand for further proceedings.

**I.  Background.**

Plaintiff is 55 years old, has a sixth-grade education, and has worked as a housekeeper at senior living facilities. Docs. 13-15, Administrative Transcript ("Tr.") 86-89. Plaintiff applied for social security benefits in March 2021. Tr. 306-12. The claim was denied at the initial and reconsideration levels by state agency physicians. Tr. 99-154. A hearing before an Administrative Law Judge ("ALJ") was held on July 21, 2023. Tr. 80-98. The ALJ issued an unfavorable decision on November 28, 2023. Tr. 22-46.

The ALJ applied the requisite five-step process for determining whether Plaintiff was disabled during the relevant period – from March 17, 2021, the alleged disability date, to July 21, 2023, the date of the ALJ's decision. Tr. 28-30; 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1509. Under the five-step process, Plaintiff must show that (1) she has not engaged in substantial gainful activity since the alleged disability date, (2) she has a severe impairment, and (3) the impairment meets or equals a listed impairment or (4) her residual functional capacity ("RFC") – the most she can do with her impairment – precludes her from performing past work. If Plaintiff meets her burden at step three, she is presumed disabled and the process ends. If the inquiry proceeds and Plaintiff meets her burden at step four, then (5) Defendant must show that Plaintiff is able to perform other available work given her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1509, 404.1520(a)(4); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996).

The ALJ found that Plaintiff met her burden at steps one and two because she has not engaged in substantial gainful activity since the alleged disability date and has severe cervical and lumbar spondylosis, myofascial pain syndrome, cardiac pacemaker, and obesity. Tr. 30-32. The ALJ found at step three that Plaintiff's impairments do not meet or medically equal the severity of a listed impairment. Tr. 32. At steps four and five, the ALJ determined that while Plaintiff is not able to perform her past work as a housekeeper, she has the RFC to perform light work with restrictions, including the jobs of marker, parking lot cashier, and toll collector. Tr. 33-40. The ALJ therefore found Plaintiff not disabled within the meaning of the Social Security Act. Tr. 40. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 1-9.[1]

Plaintiff seeks judicial review under 42 U.S.C. § 405(g), which provides that the district court may enter "a judgment affirming, modifying, or reversing the decision of the

---

[1] To determine the physical exertion requirements of work in the national economy, the Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy. Light work generally involves a good deal of walking or standing, or some pushing and pulling of arm or leg controls while sitting most of the time, and lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. §§ 404.1567(b).

Commissioner of Social Security, with or without remanding the cause for a rehearing." Doc. 1 at 1-2. Plaintiff alleges that the ALJ erred by rejecting Dr. Patrick Knowles' opinions and Plaintiff's symptom testimony. *Id.* at 3-4. Defendant does not address the alleged errors in the answer to the complaint, but admits that a remand is warranted. Doc. 16 at 1-2. The parties have now briefed the sole issue before the Court – whether the case should be remanded for further administrative proceedings or an immediate award of benefits. Docs. 19, 22, 23.

## II.  Remand Legal Standards.

When the ALJ denies benefits and the Court finds reversible error, the Court "ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Under limited circumstances, however, the Court may remand for an award of benefits after applying the "credit-as-true" rule. *Id.* "An award under this rule is a rare exception, and the rule was intended to deter ALJs from providing boilerplate rejections without analysis." *Id.*

The credit-as-true rule has three steps. First, the Court asks "whether the 'ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" *Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100-01 (9th Cir. 2014)). Second, the Court determines "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Id.* (quoting *Treichler*, 775 F.3d at 1101). And third, "if no outstanding issues remain and further proceedings would not be useful, only then [does the Court] have discretion to find the relevant testimony credible as a matter of law." *Id.* (quotation marks omitted).

"Where an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." *Leon*, 880 F.3d at 1045 (quoting *Treichler*, 775 F.3d at 1105); *see Dominguez v. Colvin*, 808 F.3d 403, 407-08 (9th Cir. 2015) ("District courts retain flexibility in determining the appropriate remedy, and a

3

reviewing court is not required to credit claimants' allegations regarding the extent of their impairments as true merely because the ALJ made a legal error in discrediting their testimony.") (citations and quotation marks omitted); *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) ("[E]ven if all three requirements are met, we retain 'flexibility' in determining the appropriate remedy.  We may remand on an open record for further proceedings 'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'") (citation omitted); *Tinsley v. King*, No. 24-1913, 2025 WL 471118, at *2 (9th Cir. Feb. 12, 2025) ("At bottom, this Court can only remand for benefits if 'the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.'") (quoting *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011)).

**III. Discussion.**

**A.    Discredited Evidence.**

Because it will inform the remand analysis, the Court will briefly review the discredited evidence – Dr. Knowles' opinions and Plaintiff's testimony.

**1.    Dr. Knowles' Opinions.**

Dr. Knowles completed an assessment of Plaintiff's functional limitations and ability to do work-related activities on December 1, 2022.  Tr. 1418-21 (Ex. 16F).  He opined that Plaintiff could walk a quarter of a block; sit for twenty minutes and stand for five minutes at a time; stand and walk with a cane for less than two hours in an eight-hour workday; rarely lift less than ten pounds; rarely twist, stoop, and crouch; and use her arms for reaching and hands for grasping and manipulating objects less than ten percent of the workday.  Tr. 1419-20.  Dr. Knowles also opined that Plaintiff would be severely off task due to attention and concentration deficits and would miss more than four days of work per month.  Tr. 1421.  Dr. Knowles completed an updated assessment on May 2, 2023, and essentially reiterated his prior opinion, although he noted that Plaintiff no longer needed a cane and could perform fine manipulation during half the workday.  Tr. 1422-25 (Ex. 17F).

Citing normal clinical findings and Plaintiff's daily activities, the ALJ found Dr. Knowles' opinion that Plaintiff had extreme functional limitations "not persuasive based on its inconsistency with the greater record later available at the hearing level." Tr. 38.

### 2. Plaintiff's Testimony.

Plaintiff testified at the administrative hearing that she was unable to work due to neck and low back pain, numbness and stiffness in her hands and left foot, and inability to lift heavy things. Tr. 89-91. Standing and walking increased her pain. Tr. 91. She sat on the sofa most of the time, was not able to do household chores, and drove only to church and to pick up her children at school. Tr. 89-90. She also experienced some dizziness and chest pressure. Tr. 90-91.

In discounting this testimony, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [the] symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" Tr. 34. The ALJ also found that the "symptoms are generally consistent throughout the record, but they do not support any restrictions not specifically outlined in the RFC." Tr. 35.

## B. Remand for Further Proceedings Is Warranted.

Applying the three-step credit-as-true rule, the Court concludes that it must remand the case for further administrative proceedings.

### 1. First Step.

The first step of the rule is satisfied. Defendant concedes that the ALJ erred in two respects. First, the ALJ did not address the supportability of Dr. Knowle's opinions in a manner consistent with the applicable regulations. Doc. 22 at 5-7; *see Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022) ("'The most important factors' that the [ALJ] considers when evaluating the persuasiveness of medical opinions are 'supportability' and 'consistency.' Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.' Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'") (quoting 20 C.F.R.

§ 404.1520c(a), (c)(1)-(2)).  Second, the ALJ erred by discounting Plaintiff's symptom testimony based on the lack of objective medical evidence to substantiate the alleged severity of her symptoms.  Doc. 12 at 12; *see* 20 C.F.R. § 404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements."); *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) ("[A]n adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain.").

### 2.     Second Step.

Under the second step, Defendant argues that further proceedings will be useful to enable the ALJ to resolve conflicts in the medical opinion evidence and address inconsistencies between Plaintiff's symptom testimony and objective medical evidence. Doc. 12 at 9-13.  The Court agrees.

The state agency physicians, Drs. Erika Wavak and Amita Hegde, opined that Plaintiff's impairments limit her to light work with restrictions.  Tr. 101-10, 123-32 (Exs. 3A, 7A).  The ALJ found these opinions somewhat persuasive to the extent they are consistent with the ALJ's RFC determination.  Tr. 37.[2]  Dr. Keith Cunningham examined Plaintiff in January 2022 and opined that she could perform a range of medium work with restrictions.  Tr. 1390-96 (Ex. 11F).  The ALJ found this opinion less persuasive than those of the state agency physicians because Dr. Cunningham appears to have overestimated Plaintiff's lifting capacity.  Tr. 38.  As noted, Dr. Knowles opined that Plaintiff had extreme functional limitations that would preclude even sedentary work.  Tr. 1418-25 (Exs. 16F, 17F).

Further proceedings will allow the ALJ to fully address these conflicts in the medical opinions.  *See Washington v. Kijakazi*, 72 F.4th 1029, 1042 (9th Cir. 2023) ("[T]he

---

[2] Contrary to Plaintiff's assertion (Doc. 23 at 6), the state agency physicians did not focus solely on Plaintiff's cardiac-related symptoms.  *See, e.g.*, Tr. 103, 113, 126, 130, 136, 140 (discussing medical records regarding Plaintiff's spondylosis and neck and back pain).

6

district court properly identified contradictory evidence in the record appropriate for remand. For instance, the district court noted the conflict between Washington's treating doctor and the consulting medical expert. While Washington's doctor determined that Washington was 'unable to perform even sedentary work activity on a consistent basis, the consulting medical expert concluded that Washington could perform work-related activities with 'certain exertional, postural, and environmental limitations.' . . . As a result, the district court did not abuse its discretion in remanding to the Commissioner to resolve the contested issues."); *Baker v. Comm'r of Soc. Sec. Admin.*, No. CV-21-08084-PCT-SPL, 2022 WL 2390945, at *6 (D. Ariz. July 1, 2022) ("This Court finds that the ALJ erred by 1) discrediting the medical opinions of Dr. Peace and Dr. Ruzich, and 2) discounting Plaintiff's subjective symptom testimony. . . . Here, it is not clear from the record whether the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. There remain outstanding issues to be resolved given the conflicting medical opinions regarding the extent of Plaintiff's limitations.").

The ALJ also found inconsistencies between Dr. Knowles' opinions and Plaintiff's daily activities and other medical evidence in the record. Tr. 38; *see* Doc. 22 at 8-9. The ALJ explained that while Plaintiff "does have restrictions and limitations, Dr. Knowles' assessments are excessive when considering [Plaintiff's] reported daily activities, which include caring for two minor children." Tr. 38. The ALJ noted that Plaintiff "is able to drive her car on a daily basis and perform daily activities including simple cooking and light cleaning." *Id.* (citing Tr. 346 (Ex. 3E/2)). The ALJ further explained that "the objective clinical findings such as radiology studies of record do not support the extent of limitation assessed by Dr. Knowles[,]" noting that "nerve root involvement is not shown on cervical or lumbar spine studies, and Spurling's test was negative on exam." *Id.*[3] These inconsistencies are "exactly the sort of issues that should be remanded to the agency for further proceedings." *Treichler*, 775 F.3d at 1105; *see Cruz v. Kijakazi*, No. 20-16651,

---

[3] A Spurling's test is used to diagnose cervical radiculopathy. *See Joshua W. H. v. Dudek*, No. CV 23-90-H-KLD, 2025 WL 850923, at *5 (D. Mont. Mar. 19, 2025) (citing Spurling's Test, Physiopedia, https://www.physio-pedia.com/Spurling's_Test)).

7

2021 WL 5357231, at *1 (9th Cir. Nov. 17, 2021) ("Further proceedings may be useful when the medical evidence is inconsistent.") (citing *Dominguez*, 808 F.3d at 408-09).

Plaintiff does not dispute that there are inconsistencies between her subjective symptom testimony and objective medical evidence. "When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may . . . weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022). This Circuit has "upheld ALJ decisions that do just that in many cases." *Id.* (citations omitted); *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.") (citing 20 C.F.R. § 404.1529(c)(2)); *Tamera H. v. Comm'r, Soc. Sec. Admin.*, No. 6:20-CV-1428-MO, 2024 WL 68354, at *3 (D. Or. Jan. 5, 2024) ("Plaintiff is correct, that absence of corroborating objective medical evidence is not a clear and convincing reason to discount subjective symptom testimony about pain; conflict with objective medical evidence is, however. And here, the ALJ relied on several inconsistencies between Plaintiff's testimony and the record – all valid reasons to discount her testimony[.]"); *see also* SSR 16-3p, 2017 WL 5180304, at *5 (Oct. 25, 2017) (explaining that "objective medical evidence is a useful indicator to help make reasonable conclusions about the intensity and persistence of symptoms").[4]

Plaintiff asserts that the ALJ failed to connect anything specific in the medical record to a specific inconsistency with the symptom testimony. Doc. 19 at 19. Plaintiff also asserts that the ALJ failed to explain how normal clinical findings invalidate the symptom testimony and outweigh abnormal clinical findings, positive imaging, and course of treatment that support the testimony. *Id.* at 19-20; Doc. 23 at 10-11. While all agree that the ALJ's decision was defective, the resolution of these issues clearly would be useful

---

[4] Contrary to Plaintiff's assertion (Doc. 23 at 4-9), the inconsistencies and conflicts in the record are not insignificant.

in determining whether Plaintiff is, in fact, disabled. *See Treichler*, 775 F.3d at 1105 ("[T]he record raises crucial questions as to the extent of Treichler's impairment given inconsistencies between his testimony and the medical evidence in the record. These are exactly the sort of issues that should be remanded to the agency for further proceedings. Where, as in this case, an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.") (citations omitted); *Brown-Hunter*, 806 F.3d at 495-96 ("[A]lthough we conclude that the ALJ committed legal error by failing to specify which testimony she found not credible and why, we will not remand for an immediate award of benefits because we are not satisfied that 'further administrative proceedings would serve no useful purpose.' Indeed, the record raises crucial questions about the extent to which Brown-Hunter's pain and accompanying symptoms render her disabled.") (citation omitted); *Bonham v. Comm'r of Soc. Sec. Admin.*, No. CV-23-00103-PHX-DWL, 2023 WL 6805043, at *8 (D. Ariz. Oct. 16, 2023) ("The credit-as-true rule is inapplicable here. Although step one is satisfied in light of the ALJ's failure to provide legally sufficient reasons for discrediting the opinions of Dr. Doust, step two is not – further administrative proceedings would be useful to enable the ALJ to address the analytical deficiencies discussed above, including why the ALJ viewed the largely 'normal' physical examination findings . . . as inconsistent with Dr. Doust's opinions.").[5]

### 3. Third Step.

Plaintiff suggests that further proceedings are unnecessary because the ALJ would be required to find her disabled if her symptom testimony and Dr. Knowles' opinions were

---

[5] Plaintiff contends that the ALJ was improperly "playing doctor" when she reviewed spinal imaging and relied on normal clinical findings. Docs. 19 at 13-14, 23 at 5. This argument is without merit. *See Mills v. Comm'r of Soc. Sec.*, No. 2:13-CV-0899-KJN, 2014 WL 4195012, at *4 n.8 (E.D. Cal. Aug. 22, 2014) (rejecting the argument that the ALJ attempted to "play doctor" because "it is the ALJ's responsibility to formulate an RFC that is based on the record as a whole," and the ALJ "carefully analyzed the various medical opinions, treatment records, and plaintiff's own testimony in formulating an RFC"); *Lopez v. Saul*, No. 1:19-CV-00971-BAM, 2020 WL 6526197, at *8 (E.D. Cal. Nov. 5, 2020) ("Plaintiff's additional argument that the ALJ 'played doctor' by interpreting the medical evidence . . . is likewise without merit. Contrary to Plaintiff's contention, it is within the ALJ's province to synthesize the medical evidence.") (citations omitted).

deemed true. Doc. 23 at 2. But this reverses the required order of analysis. As this Circuit has explained, "the district court must 'assess whether there are outstanding issues requiring resolution before considering whether to hold that the claimant's testimony is credible as a matter of law.' If such outstanding issues do exist, the district court cannot deem the erroneously disregarded testimony to be true; rather, the court must remand for further proceedings." *Dominguez*, 808 F.3d at 409 (citing *Treichler*, 775 F.3d at 1105-06). Here, inconsistencies and conflicts in the record raise questions about the severity of Plaintiff's impairments and symptoms which preclude the Court from reaching the third step of the credit-as-true rule. *See id.* at 410 ("In light of the inconsistencies, conflicts, and gaps in the record that require further administrative proceedings, we do not proceed to the next question, whether the ALJ would be required to find Dominguez disabled if Dr. Bhakta's inconsistent reports were credited as true."); *Brown-Hunter*, 806 F.3d at 495 ("Importantly, we are to assess whether there are outstanding issues requiring resolution before considering whether to hold that the claimant's testimony is credible as a matter of law. This is because a reviewing court is not required to credit claimants' allegations regarding the extent of their impairments as true merely because the ALJ made a legal error in discrediting their testimony.") (citations and quotation marks omitted).

Plaintiff suggests that a remand for further proceedings would simply allow the ALJ to have a "mulligan." Doc. 23 at 8 (citing *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014)). The Court disagrees. As in this case, *Garrison* involved an ALJ's acceptance of opinions from state agency physicians while rejecting the claimant's testimony and that of her treating physician. *Garrison*, 759 F.3d at 1008-09. In this case, however, medical records and opinions demonstrate that there is a legitimate disagreement as to the severity of Plaintiff's impairments and symptoms, which should be resolved on remand. At the very least, the Court cannot say that "the record clearly contradicted an ALJ's conclusory findings and no substantial evidence within the record supported the reasons provided by the ALJ for denial of benefits." *Leon*, 880 F.3d at 1047; *see also Meaghan M. v. Comm'r, Soc. Sec. Admin.*, No. 1:22-CV-00916-HL, 2023 WL 3816415, at \*6 (D. Or. June 5, 2023).

### IV. Conclusion.

Because further proceedings will "allow the ALJ to properly assess [Plaintiff's] subjective symptom testimony and [Dr. Knowles'] medical opinion[s], . . . this is not the rare case in which remand for an immediate award of benefits is warranted." *Jones v. O'Malley*, No. 23-16136, 2024 WL 3963835, at *2 (9th Cir. Aug. 28, 2024). The Court will exercise its discretion and remand to the Commissioner for further proceedings.

**IT IS ORDERED:**

1. The final decision of the Commissioner of Social Security to deny Plaintiff's claim for disability insurance benefits and supplemental security income (Tr. 1-9, 22-46) is **reversed** and this case is **remanded** for further administrative proceedings consistent with this order.

2. The Clerk of Court shall enter judgment accordingly and close this case.

Dated this 29th day of July, 2025.

David G. Campbell
Senior United States District Judge